BARKETT, Justice,
dissenting.
I believe that a jury is entitled to, and often does, mitigate a sentence because of “lingering doubt” about the defendant’s guilt, as expressed in my dissent in King v. State, 514 So.2d 354, 360 (Fla.1987) (Barkett, J., dissenting), cert. denied, — U.S. -, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988).
I also believe that the trial court improperly excluded proffered evidence that a life sentence would require King to serve a minimum mandatory term of twenty-five years’ imprisonment before becoming eligible for parole. This evidence is clearly relevant to “any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.” Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978) (plurality opinion of Burger, C.J.) (footnote omitted). Indeed, the Court has recognized that the state may not narrow the sentencer’s discretion to consider relevant evidence “that might cause it to decline to impose the death sentence.” McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 1773, 95 L.Ed.2d 262 (1987) (emphasis in original, footnote omitted).
KOGAN, J., concurs.